UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MT. PISGAH MINING DISTRICT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, et al., <br><br> Defendants. | Case No. 4:23-cv-00403-AKB <br><br> **MEMORANDUM DECISION AND ORDER** |

The Court has before it the Motion to Reconsider Default Ruling on Declaratory Relief and Injunctive Relief, submitted by Dave Erlanson. (Dkt. 11). Erlanson asks the Court to reconsider its Order (Dkt. 10), issued on March 6, 2024, which gave Plaintiffs forty-five days to (1) hire counsel and (2) properly serve Defendants. The Order also provided the Court would dismiss the case without prejudice if Plaintiffs failed to comply with the Order. Erlanson argues the Court's Order erred in two respects. First, Erlanson suggests that under Supreme Court precedent, Plaintiffs are allowed to proceed pro se and to require otherwise violates Plaintiffs' constitutional rights. Second, Erlanson argues Plaintiffs have already served Defendants by serving the USFS, BLM, and DOJ. Again, Erlanson is wrong on both counts.

In regard to Plaintiffs right to representation, the Court's prior Order already explained that a party's right to represent themselves only applies to individuals and is personal to each individual. *See* 28 U.S.C. § 1654; *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (citation omitted). This right "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993). The Court's local rules also require as much. *See* Dist. Idaho

**MEMORANDUM DECISION AND ORDER - 1**

Loc. Civ. R. 83.4(d), 83.7. These local rules are binding on the parties and authorized by federal statute. *See* 28 U.S.C. § 2071; Fed. R. Civ. P. 83; *Frazier v. Heebe*, 482 U.S. 641, 645 (1987) (citations omitted) ("[A] district court has discretion to adopt local rules that are necessary to carry out the conduct of its business."). Thus, it is well established under Supreme Court precedent, federal statute, and the Court's local rules that Plaintiffs, as entities, cannot proceed pro se in this case but must instead be represented by licensed counsel. This requirement does not violate Plaintiffs' constitutional rights. In fact, it has been settled law for over "two centuries" that an artificial entity may only appear in federal court through licensed counsel. *Rowland*, 506 U.S. at 201-02 (citing *Osborn v. President of Bank of U.S.*, 22 U.S. 738, 9 Wheat. 738, 829 (1824); *see Turner v. Am. Bar Assn.*, 407 F. Supp. 451, 476 (N.D. Tex. 1975). Accordingly, Plaintiffs may not proceed pro se in this case, and Erlanson may not represent them.

Plaintiffs have also not properly served Defendants. Again, as already explained in the Court's prior Order, to sue the USFS and BLM, Plaintiffs needed to serve the United States. *See* Fed. R. Civ. P. 4(i)(2). To serve the United States, a plaintiff must satisfy the following three requirements:

> First, the plaintiff must either (i) personally deliver a summons and a copy of the complaint to the United States Attorney in the district where the action is brought, or (ii) send a copy of each by registered or certified mail to the U.S. Attorney's civil-process clerk in that district. Fed. R. Civ. P. 4(i)(1)(A)(i)–(ii). Second, the plaintiff must send a summons and copy of the complaint to the United States Attorney General in Washington, D.C., by registered or certified mail. Fed. R. Civ. P. 4(i)(1)(B). And third, if the lawsuit involves a non-party federal agency or officer, the plaintiff must send a summons and copy of the complaint to that entity or person by registered or certified mail. Fed. R. Civ. P. 4(i)(1)(C).

*Lietz v. DEA*, No. 1:22-cv-00209-BLW, 2023 WL 4303853, at *2 (D. Idaho June 30, 2023). Here, among other things, to properly serve Defendants, Plaintiffs needed to serve the United States District Attorney for the District of Idaho. However, the documents provided by Erlanson indicate

**MEMORANDUM DECISION AND ORDER - 2**

Plaintiffs have only served the USFS, the BLM, and the DOJ. (Dkt. 11-1). This is insufficient under Rule 4(i) to serve the United States. Therefore, Plaintiffs have not served Defendants and have wasted the additional forty-five days to do so provided by the Court under Rule 4(m).

Accordingly, because Plaintiffs have wrongly refused to hire counsel and serve Defendants within forty-five days of the Court's Order, this case is **DISMISSED WITHOUT PREJUDICE**. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

Additionally, the Clerk of the Court is ordered to (1) close this case and (2) mail a copy of this Order to the Plaintiffs' addresses listed in the docket, as well as to Dave Erlanson at P.O. Box 46, Swan Valley, ID 83449.

DATED: April 25, 2024

_____
Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**